UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:14-CR-070 |
| | ) | |
| RICHARD MCNEAL HILLMAN | ) | |

## **MEMORANDUM AND ORDER**

By memorandum and order entered October 31, 2016, this court denied the defendant's *pro se* motion for sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the United States Sentencing Guidelines Manual. [Doc. 401]. The court ruled that the defendant was not entitled to Amendment 782 relief because he was sentenced *after* that amendment went into effect and thus had already received its benefit. *See* 18 U.S.C. § 3582(c)(2) (affording relief to a defendant "who has been sentenced to a term of imprisonment based on a sentencing range *that has subsequently been lowered* by the Sentencing Commission . . . .") (emphasis added).

The defendant unsuccessfully appealed that ruling [docs. 404, 413] and has now filed a second motion seeking § 3582(c)(2) and Amendment 782 relief. [Doc. 415]. For the same reasons provided in the court's October 31, 2016 ruling, the defendant remains ineligible for his sought-after Amendment 782 sentence reduction. Additionally, to the extent that the defendant now relies on factors such as his personal background and post-sentencing rehabilitation, those issues are "not contemplate[d]" by § 3582. *United States v. Turman*, 465 F. App'x 497, 499-500 (6th Cir. 2012).

The defendant's renewed "Motion for Reduction of Sentence Pursuant to Retroactive Amendment 782 Under 18 U.S.C. § 3582(c)" [doc. 415] is accordingly **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge