UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RICHARD MCNEAL HILLMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.  2:14-CR-070-01 |
| | ) | 2:16-CV-236 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is the motion to vacate, set aside, or correct sentence filed by Richard McNeal Hillman ("Petitioner") pursuant to 28 U.S.C. § 2255 [Doc. 1].[1] The United States responded in opposition to the motion [doc. 2], and Petitioner replied in turn. [Doc. 3]. Additionally, the United States has filed a "Motion to Deny Petitioner's § 2255 Motion as Meritless and to Dismiss It with Prejudice for Failing to State a Claim upon Which Relief May Be Granted." [Doc. 4]. For the reasons below, Petitioner's motion will be denied and dismissed with prejudice, and the United States' motion will be denied as moot.

**I.   BACKGROUND**

In December 2014, Petitioner pled guilty to conspiring to distribute and possess with the intent to distribute a-PVP (Counts One and Two), and to knowingly possessing a firearm as a previously convicted felon (Count 16). By judgment dated August 17, 2015, this Court sentenced the defendant to a below-guidelines net term of 188 months' imprisonment. Petitioner did not file a direct appeal and, as a result, his judgment became final for purposes of § 2255(f)(1) on

---

[1] All docket references are to Case No. 2:16-CV-236 unless otherwise noted.

September 1, 2015. *See* Fed. R. App. P. 4(b)(1)(A). The United States Supreme Court decided *Johnson v. United States*—invalidating the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)—on June 26, 2015. 135 S. Ct. 2551 (2015). Petitioner filed the instant petition less than one year from the date that his judgment became final.

## II.    STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). Petitioners "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (citations and quotation omitted).

## III.    ANALYSIS

Citing *Johnson*, Petitioner's motion articulates a single broad ground for relief, arguing that *Johnson* in some way invalidates his sentence. The *specifics* of Petitioner's claim are difficult to discern from the motion, as he makes reference to *Johnson*'s actual or then-arguable impact on: (1) the Armed Career Criminal Act, 18 U.S.C. § 924(e); (2) the Career Offender provisions of the United States Sentencing Guidelines ("U.S.S.G."), U.S.S.G. §§ 4B1.1, 4B1.2; and (3) U.S.S.G. § 2K2.1, which addresses firearms offenses. In his reply brief, Petitioner attempts to clarify that his claim is that "the district court used Mr. Hillman [sic] prior conviction for a crime of violence or

controlled substance offense four-level enhancement because he possessed a firearm in connection with another offense. . . . Petitioner is actually innocent of the Guidelines range that he was enhanced by 'his prior conviction for a crime of violence (controlled substance offense four-level enhancement) . . . . [']"  [Doc. 3, p 1-2].

Regardless of how it may be construed, Petitioner's motion is without merit.

While Petitioner is correct that the *Johnson* decision indeed restricted what may be considered a "violent felony" under the Armed Career Criminal Act, <u>the Petitioner in this case was not sentenced as an Armed Career Criminal</u>.  *See* PSR, 2:14-CR-070, doc. 211, p. 2 (stating that the statutory *maximum* for Count 16 was ten years, whereas if Petitioner was an Armed Career Criminal his statutory *minimum* would have been fifteen years).  As for the sentencing guidelines cited by Petitioner, <u>he was not deemed by this Court or his PSR to be a Career Offender, and the adjusted and total offense levels in this case were ultimately based on the a-PVP counts and not the felon in possession count</u>.  *See id.* ¶¶ 27-33, 41.  Stated differently, Petitioner's total offense level of 37 was not impacted in any way by any "prior conviction for a crime of violence."  Even if that were not so, the guidelines are not subject to *Johnson*-based vagueness challenges.  *See Beckles v. United States*, 137 S. Ct. 886, 894 (2017).

## IV. CONCLUSION

For the reasons discussed above, *Johnson* does not provide a basis for vacating, setting aside, or correcting Petitioner's sentence.  Petitioner's § 2255 motion [Doc. 1] will be **DENIED** and **DISMISSED WITH PREJUDICE**.  The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Petitioner having failed to make a substantial showing of the denial of a

constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge